CHIBE JUSTICE ROBERTSON
delivered the opinion oe the court.
In this action of detinue, brought by the appellee, James Trigg, against' the appellant, Merrit Reeves, on the 6th of September, 1869, for a black mare, defended on the merits and also on the statute of limitations, verdict and judgment for the mare, or her assessed value, were rendered; and this appeal seeks a reversal.
From the facts proved on the trial the jury had a right to assume that in August, 1862, an Indiana captain in the Federal army forcibly took this mare and another and some cattle from the appellee in Union County, Kentucky; that the mare, being then too young for military service, was sold as the property of the General Government, and bought by the captor, who sold it to one Southerland; that in September, 1866, the mare, straying into the possession of the appellant in Shelby County, Kentucky, was posted by him in that county as a stray; that in September, 1867, Southerland, finding the mare in the appellant’s possession, filed before the posting magistrate his own affidavit,, and that also of one Talbot, testifying that he (Southerland) owned the mare; that thereupon the appellant bought it from Southerland; and that in January, 1868, the appellee, finding the mare in the appellant’s possession, demanded it as his property, and that the appellant, claiming it as his own by purchase and by time, refused to surrender it.
Without any evidence of an emergency that could have justified the impressment without tendering compensation, the appellee’s title to the mare was not divested by the military *387 caption or the subsequent sale of it, which passed no right that the government did not possess. Nor, though Southerland’s affidavits may have entitled him to a restoration of the possession, yet his sale to the appellant could pass no better title than he himself owned.
Consequently the verdict was authorized by the evidence and the law, unless the action was barred by time. But, however the fact may have been, the jury had a right to infer that a removal of the mare from this state so obstructed the appellee’s remedy for restitution as to prevent the statutory bar.
We do not therefore feel authorized to reverse for want of evidence to sustain the verdict. And, according to the foregoing suggestions, there was no error to the appellant’s prejudice in giving or refusing instructions.
Wherefore the judgment is affirmed.